IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LEONARD J. HOLIDAY, )
Reg. No. 07758-003, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACT. NO. 2:17-cv-02-ECM
 ) (WO)
CO CRUSHINK, *et al.*, )
 )
    Defendants. )

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Recommendation of the Magistrate Judge (doc. 55) which recommends that the Defendants' motions for summary judgment be granted, the Plaintiff's state law claims be dismissed without prejudice, and that this case be dismissed. On March 9, 2020, the Plaintiff filed objections to the Recommendation. (Doc. 58).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must

be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

The Court has reviewed the Plaintiff's objections wherein he reiterates his complaints against the Defendants which are insufficient to defeat a properly supported motion for summary judgment. He objects to the Report and Recommendation without any specificity and without stating the bases for his objections. Despite the lack of specificity in the Plaintiff's objections meriting review only for clear error, the Court undertook a *de novo* review of Plaintiff's objections and finds that they are due to be overruled even under that more stringent standard of review.

The Plaintiff does not point to any error committed by the Magistrate Judge, but instead re-offers a recitation of the claims made in his complaint. In his objections, the Plaintiff attaches a news article in support of his objections. Even if the Court were to accept the news article, prison officials must have been deliberately indifferent to a *known* danger before their actions give to the level of a constitutional tort. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Holliday concedes that he "did not know that he was in danger himself," (doc. 53 at 4), and he presents no evidence that the Defendants knew he was in danger either. The Court finds that the well-reasoned Recommendation of the Magistrate Judge effectively addresses all of the Plaintiff's claims. Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows:

1. The Plaintiff's objections (doc. 58) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 55) is ADOPTED;

3. The Defendants' motions for summary judgment are GRANTED with respect to the Plaintiff's constitutional claims;

4. The Plaintiff's state law claims are DISMISSED without prejudice; and

5. This case is DISMISSED.

A final judgment will be entered.

DONE this 23rd day of March, 2020.

    /s/   Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE